CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.
**KERRY A. MOYNIHAN, #250571**
**MALCOLM ♦ CISNEROS,** A Law Corporation
**2112 Business Center Drive, 2nd Floor**
**Irvine, California 92612**
**(949) 252-9400 (TELEPHONE)      (949) 252-1032 (FACSIMILE)**

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**VICTORIA P. SOTO,**

Debtor.

BANKRUPTCY NO. **10-03311-MM7**

**CENTRAL MORTGAGE COMPANY, DBA CENTRAL MORTGAGE LOAN SERVICING COMPANY, and its successors and/or assignees,**

Moving Party

RS NO. **KAM-1**

**VICTORIA P. SOTO, Debtor,**
**and James L. Kennedy, Trustee,**

Respondent(s)

### MOTION FOR RELIEF FROM AUTOMATIC STAY
☒ REAL PROPERTY     ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below:

1. A Petition under Chapter ☒ 7  ☐ 11  ☐ 12  ☐ 13 was filed on **2/27/10**.

2. Procedural Status:
   a. ☒ Name of Trustee Appointed *(if any)*:   **James L. Kennedy**

   b. ☐ Name of Attorney of Record for Trustee *(if any)*:

   c. ☐ *(Optional)* Prior Filing Information:
   Debtor has previously filed a Bankruptcy Petition on: _____.
   If applicable, the prior case was dismissed on: _____.

   d. ☐ *(If Chapter 13 case):* Chapter 13 plan was confirmed on _____ or a confirmation hearing is set for _____.

   Movant alleges the following in support of its Motion:

1. ☒ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

      **792 AVOCADO AVENUE, #65**
      **EL CAJON, CA 92020**

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

      **Single family residence**

   c. Legal description of property is attached as Exhibit A.

CSD 1160

  d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

  e. *Fair market value of property as set forth in the Debtor's Schedules : $**95,000.00**                .

  f. *Nature of Debtor's interest in the property:

  **Owner**

2. ☐ The following personal property is the subject of this Motion *(describe property):*

  a. Fair market value of property as set forth in the Debtor's Schedules:  $                         .

  b. Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant:$                      .

4. *Nature of Movant's interest in the property: **Secured Creditor holding a First Note and Deed of Trust on the subject property. See Assignment of Deed of Trust, attached as Exhibit "F."**

5. *Status of Movant's loan:

  a. Balance owing on the date of Order for Relief: $**227,289.59**
  b. Amount of monthly payment: $**1,355.59**
  c. Date of last payment: **10/16/08**
  d. If real property,
   i. Date of default: **11/1/08**
   ii. Notice of Default recorded on: **1/29/10**
   iii. Notice of Sale published on: **N/A**
   iv. Foreclosure sale currently scheduled for: **N/A**
  e. If personal property,
   i. Pre-petition default: $             No. of months:
   ii. Post-petition default: $             No. of months:

6. *(If Chapter 13 Case, state the following:)*
  a. Date of post-petition default:
   Amount of post-petition default: $

7. Encumbrances:
  a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | *(IF KNOWN)* Pre-Petition Arrearages Total Amount - # of Months: | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: **CENTRAL MORTGAGE** | $227,289.59 | $21,970.59 | 16 | $4,066.77 | 3 |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $227,289.59 | $21,970.59 | 16 | $4,066.77 | 3 |

  b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in the schedules or otherwise known to Movant: **Property taxes to Dan McAllister-Treasurer/Tax in the amount of $1,760.86. See Exhibit "E."**

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5.)

CSD 1160

8. Relief from the automatic stay should be granted because:

    a. ☒ Movant's interest in the property described above is not adequately protected.

    b. ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

    c. ☐ The property is a "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or ____ days as ordered by this court) have passed since the entry of the order for relief in this case, and

        i. The Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. The Debtor/Trustee has

            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2) ☐ commenced payments, but such payments are less than the amount equal to interest at a current fair market reate on the value of each creditors' interest in the property.

    d. ☒ *Other cause exists as follows *(specify)*: **It is the debtor's intention to surrender the Property as stated in the Statement on Intention. See Exhibit "E."**

Movant attaches the following:

1. ☒ Other relevant evidence:

    **Debtor's Schedules as Exhibit "E"**
    **An Assignment of Deed of Trust, transferring beneficial from Mortgage Electronic Registration Systems, Inc., as nominee for American Mortgage Network, Inc., to Central Mortgage Company, DBA Central Mortgage Loan Servicing Company is attached as Exhibit "F."**

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒ Relief from the automatic stay to allow CENTRAL MORTGAGE to enforce its rights and remedies under its Note and Deed of Trust.

☒ Other: **CENTRAL MORTGAGE requests a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.**

Dated: **May 20, 2010**

                                                                             */S/ KERRY A. MOYNIHAN*
                                                                             [Attorney for] Movant,

AS/CMC/m64996

* Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).

CSD 1160